DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from an order of the Ottawa County Court of Common Pleas, which granted appellee's motion for summary judgment and dismissed appellant's complaint. Appellant, Jose G. Reyes, Sr., asserts the following assignments of error:
 {¶ 2} "The trial court erred in granting summary judgment to the appellee.
 {¶ 3} "The appellee was not entitled to immunity under O.R.C. [2744.03]."
 {¶ 4} On June 29, 2003, appellant was driving on a two-lane, two-way street located in Port Clinton, Ohio. Appellee, Bernard L. Lochotzki, a volunteer fireman for the Bay Township Fire Department, was operating his personal pickup truck in the same direction but at some point to the rear of appellant's motor vehicle. As appellant began to make a left hand turn into a store's parking lot, appellee attempted to pass appellant on the left. Appellee's truck collided with appellant's car, resulting in damage to appellant's car as well as injury to appellant's right arm and wrist.
 {¶ 5} On December 15, 2004, appellant filed an action against appellee seeking compensation for his alleged injuries. In his complaint, appellant asserted that appellee's operation of his motor vehicle was negligent and reckless. Appellee answered and raised the defense of sovereign immunity under R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act.
 {¶ 6} Appellee subsequently filed a motion for summary judgment. He asserted that at the time of the collision he was acting in his capacity as a Bay Township firefighter. Appellee therefore claimed that under R.C. Chapter 2744 he was immune from liability because he "did not willfully or wantonly operate his motor vehicle so as to cause the motor vehicle collision on June 29, 2003, or act with malicious purpose, in bad faith or in a wanton and reckless manner on June 29, 2003." Appellee relied on R.C. 2744.02(B)(1) to support this claim.
 {¶ 7} In his memorandum in opposition to appellee's motion for summary judgment, appellant cited to R.C. 2744.03(A)(6) as that portion of Ohio's sovereign immunity statute that is applicable in a case involving the liability of an employee of a political subdivision. Appellant thus argued that appellee operated his motor vehicle in a wanton or reckless manner.
 {¶ 8} On May 26, 2005, the court below granted appellee's motion for summary judgment, finding that, under R.C.2744.02(B)(1)(b), appellant failed to either allege or offer evidence of the fact that appellee engaged in willful and wanton misconduct. This timely appeal followed.
 {¶ 9} We shall initially address appellant's second assignment of error because it raises an issue of law; specifically, which provision in R.C. Chapter 2744 is controlling in this cause. It is undisputed that appellee is a volunteer firefighter for the Bay Township Fire Department. For the purpose of Ohio's sovereign immunity statute, an "employee" includes a volunteer fireman under R.C. 2744.01(B). See, also, ErieInsurance Group v. Baum (1993), 83 Ohio Misc.2d 1, 6. Furthermore, a "political subdivision" includes a township. R.C.2744.01(F).
 {¶ 10} R.C. 2744.02 is titled "Political Subdivision Not Liable for Injury Death, or Loss; Exceptions." This statute provides, in pertinent part:
 {¶ 11} "* * *
 {¶ 12} "(B) * * * [A] political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:
 {¶ 13} "* * *
 {¶ 14} "(b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct;" (Emphasis added.)
 {¶ 15} A plain reading of this statute reveals that it is applicable only in a case involving exceptions to alleged political subdivision liability. It is not the appropriate statute to employ when determining the liability, if any, of an employee of a political subdivision. Cramer v. Auglaize Acres,
3d Dist. No. 2-04-39, 2005-Ohio-3609, at ¶ 48 (Citations omitted.). Thus, when a plaintiff sues an individual employee of a political subdivision, the proper statutory immunity or defense is found in R.C. 2744.03(A)(6).[1] Id. {¶ 16} At the trial level, appellant's cause of action was brought solely against appellee. Appellant did not raise any claim against Bay Township. Consequently, R.C. 2744.03(A)(6), which deals with liability and immunity for employees of political subdivisions, is the correct standard to apply in the case under consideration. Accordingly, the trial court erred as a matter of law in utilizing the standard found in R.C. 2744.02(B)(1)(b) to decide appellee's motion for summary judgment. Therefore, appellant's second assignment of error is found well-taken.
 {¶ 17} In his first assignment of error, appellant asserts that the trial court erred in granting appellee's motion for summary judgment. Because the common pleas court did not use the correct standard in reaching its decision on appellee's motion for summary judgment, we cannot address the merits of appellant's first assignment of error at this point in time. Accordingly, the judgment of the Ottawa County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this decision and judgment entry. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J. concur.
[1] R.C. 2744.03(A)(6) reads, in material part:
"(A) * * *
"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
"(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
"(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
"(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee."